IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Veritas Independent Partners, LLC, | : | |
| Plaintiff, | : | Case No. 1:18-cv-769 |
| v. | : | Judge Susan J. Dlott |
| The Ohio National Life Insurance Company, | : | Order Denying Motion for Summary Judgment |
| Defendants. | : | |

This matter is before the Court on the Motion for Summary Judgment (Doc. 13) by Defendants Ohio National Life Insurance Company, Ohio National Life Assurance Company, Ohio National Equities, Inc., and Ohio National Financial Services, Inc. In this suit, Plaintiff Veritas Independent Partners, LLC ("Veritas") alleges that Defendants breached a contractual duty to pay trail commissions to Veritas on Defendants' individual variable annuity products sold through Veritas. Defendants have moved for summary judgment at the outset of the case before the parties have had the opportunity to conduct discovery. Defendants argue that their obligation to pay trail commissions ended as a matter of law when they terminated, without cause, the Selling Agreement between the parties effective December 12, 2018.

I.

The interpretation of a contract usually is a matter of law for a court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 763 (6th Cir. 2008); *United Nat'l Ins. Co. v. SST Fitness Corp.*, 182 F.3d 447, 449 (6th Cir. 1999). Interpretation of an unambiguous contract is based on the four corners of the contract itself. *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 797 N.E.2d 1256, 1261 (2003) (instructing that a court look only at the writing itself to determine the intent of the parties when language of the contract is clear). On the other hand, when contract

1

provisions are susceptible to more than one meaning, a court can examine extrinsic evidence to determine the parties' intent. *Id.* Ambiguity is determined by examining a word or phrase in the context of the contract as a whole. *Yellowbook v. Brandeberry*, 708 F.3d 837, 844 (6th Cir. 2013) ("In determining ambiguity, courts construe the contract as a whole, giving reasonable effect to every provision."); *Savedoff*, 524 F.3d at 763 (same). It is generally the role of the fact finder to resolve ambiguities. *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 322 (6th Cir. 2014).

## II.

Two sections of the Selling Agreement are critical to determining whether Defendants had the right to stop paying trail commissions after they terminated the Selling Agreement. First, Section 9 of the Selling Agreement provided that trail commissions "shall be paid to [Veritas], or its affiliated insurance agency, according to the Commission Schedule(s) relating to this Agreement." (Doc. 1-1 at PageID 19.) Section 9 also included the following "survival clause:"

> The terms of compensation shall survive this Agreement unless the Agreement is terminated for cause by [Defendants], provided that [Veritas] remains a broker-dealer in good standing with the FINRA and other state and federal regulatory agencies and that [Veritas] remains the broker-dealer of record for the account.

(*Id.*) Second, the Commission Schedule attached to the Selling Agreement included a "trail commission clause," which provided as follows:

> Trail commissions will continue to be paid to broker dealer of record while the Selling Agreement remains in force and will be paid on a particular contract until the contract is surrendered or annuitized.

(Doc. 1-2 at PageID 29–32.) The parties disagree whether Defendants had the right to end trail commission payments after they terminated the Selling Agreement without cause.

Defendants assert they did not breach the Selling Agreement because, under the "trail commission clause" in the Commission Schedule, their obligation to pay trail commissions

2

ended as a matter of law after they terminated the Selling Agreement. Defendants interpret the phrase "while the Selling Agreement remains in force" in the "trail commission clause" to have been a condition precedent to the obligation to pay trail commissions. Anticipating the counter-argument by Veritas, Defendants further contend that the "survival clause" in § 9 of the Selling Agreement meant only that the language of the Commission Schedule controlled the issue of when and in what amount commissions were payable.

Not surprisingly, Veritas disagrees with Defendants' interpretation of the Selling Agreement and argues that the contract is at least subject to a second, reasonable interpretation. Veritas disputes that the "trail commission schedule" in the Commission Schedule established a condition precedent for payment. Veritas argues that the "trail commission clause" required Defendants to pay trail commissions while the Selling Agreement was in force, but that the clause did not address whether Defendants had to pay trail commissions after the Selling Agreement was terminated without cause. Instead, Veritas relies on § 9 of the Selling Agreement providing that trail commissions "shall be paid" and that "[t]he terms of compensation shall survive this Agreement unless the Agreement is terminated for cause." (Doc. 1-1 at PageID 19.) Veritas argues that because Defendants terminated the Selling Agreement without cause, then pursuant to § 9, the obligation to pay commissions pursuant to the Commission Schedule survived.

Having considered the text of the Selling Agreement and the parties' arguments, the Court concludes that Defendants have not established as a matter of law that their obligation to pay trail commissions to Veritas ended in December 2018 when they terminated the Selling Agreement. Section 9 in the Selling Agreement and the "trail commission clause" in the attached Commission Schedule are ambiguous and possibly contradictory on the issue of

whether Defendants had to pay trail commissions after terminating the Selling Agreement without cause. The Court cannot determine the intent of the parties as a matter of law based on the four corners of the contract. Extrinsic evidence might shed light on the intent of the parties, but the parties have not yet had the opportunity to conduct discovery. Therefore, the Court will deny summary judgment and allow the parties to proceed to discovery.

### III.

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2019.

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge