# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**VERITAS INDEPENDENT**
**PARTNERS LLC, et al.,**[1]

      **Plaintiffs,**

  v.

**THE OHIO NATIONAL LIFE**
**INSURANCE COMPANY, et al.**

      **Defendants.**

Case No. 1:18-cv-769
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Plaintiffs Veritas Independent Partners, LLC and Avantax Investment Services, Inc.'s (collectively "Plaintiffs") Motion to Seal (Doc. 95) their proposed Motion to Compel and its accompanying exhibits. Defendants Ohio National Life Insurance Company; Ohio National Life Assurance Corp.; Ohio National Equities, Inc.; and Ohio National Financial Services, Inc. (collectively "Ohio National") oppose Plaintiffs' Motion. (Doc. 97).

For the reasons stated more fully below, the Court **GRANTS** Plaintiffs' Motion to Seal (Doc. 95) and **DIRECTS** Plaintiffs to file the proposed Motion to Compel and its accompanying exhibits under seal.

---

[1] The Plaintiffs in this action, so far, are Veritas Independent Partners, LLC, and Avantax Investment Securities, Inc. (collectively, "Veritas"). The Court says they are the Plaintiffs "so far," because they allege they also are bringing this lawsuit on behalf of similarly situated broker-dealers, though the Court has not yet certified a class.

## BACKGROUND

On March 28, 2022, Plaintiffs filed their Motion to Seal. (Doc. 95). In that Motion, Plaintiffs request that the Court permit them to file under seal a proposed Motion to Compel and its accompanying exhibits in their entirety. (*Id.* at #4243[2]). That Motion to Compel, in turn, "relates to disputes over documents produced in discovery by [Ohio National] for which [Ohio National] [is] claiming privilege." (*Id.*). Specifically, Plaintiffs argue that Ohio National waived its privilege over two disclosures (referred to in the Motions as "Disclosure 1" and "Disclosure 2") by inadvertently disclosing them during discovery. (Reply, Doc. 100, #4421–22). Separately, the Motion to Compel also addresses "Plaintiffs' request for [electronically stored information] from [certain other] custodians." (Mot., Doc. 95, #4243). Consistent with the undersigned's standing orders, on the same day that Plaintiffs filed their Motion to Seal, they also emailed a copy of the proposed Motion to Compel and its accompanying exhibits to the Court for *in camera* review.

After Plaintiffs filed their Motion to Seal, Defendants filed their Opposition on April 18, 2022. (Doc. 97). In that Opposition, Ohio National opposes Plaintiffs' Motion to Seal—but does so for an unorthodox reason. Ordinarily, when a party opposes a request to seal a document, it is because that party wants that document to be made publicly available. However, that is not the case here. Rather than seeking to make Plaintiffs' proposed Motion to Compel and its exhibits publicly available, Ohio

---

[2] Refers to PAGEID #.

National contends that these documents should not be available to *anyone*—not even the Court.

Ohio National's argument proceeds as follows. Ohio National first notes that the Motion to Compel and its accompanying exhibits incorporate information from Disclosure 1 and Disclosure 2. (*Id.* at #4249). All parties agree that Disclosure 1 and Disclosure 2 were—at least at some point—privileged. (*see id.*; Reply, Doc. 100, #4421). Moreover, both parties also agree that Ohio National waived is privilege over Disclosure 2 by inadvertently disclosing it. (Opp'n, Doc. 97, #4251 n.1). However, Ohio National argues that it never waived its privilege over Disclosure 1. Thus, Ohio National argues,

> Plaintiffs are not entitled to, and should not have, included, disclosed or otherwise used the contents of [Disclosure 1] in connection with their proposed motion to compel, let alone in their unilateral "in camera" submission to the Court. That is because the issue of waiver by inadvertent disclosure in discovery—the sole issue Plaintiffs seek to litigate as to the subject material—is resolved by application of the factors set forth in Evidence Rule 502(b). Such factors do not include the substance of the underlying material.

(*Id.* at #4250).

Because Ohio National argues that the Court need not review the contents of the privileged material at issue to determine whether that privilege has been waived, Ohio National maintains that "the Court should not even be presented with … that privileged material *until and if a finding of waiver is made.*" (*Id.* (emphasis in original)). Of course, if the Court were to grant Plaintiffs' Motion to Seal, that would add the proposed Motion to Compel and its exhibits to the case's sealed record. Thus, Ohio National argues, because that would allow the Court to improperly consider the

3

privileged material these documents contain before any waiver of such privilege has been established, the Court must deny Plaintiffs' Motion to Seal. (*Id.* at #4251). Stated differently, Ohio National's Opposition to Plaintiffs' Motion to Seal is effectively an effort to preemptively strike the proposed Motion to Compel and its exhibits from the record before they have actually been added to the record.

If that sounds complicated, it's because it is. To be sure, there's a strong argument that Ohio National would have been better off allowing Plaintiffs to file their Motion to Compel under seal, and then moving to strike that motion if it believed the motion contained privileged material the Court should not consider. Instead, Ohio National has elected to turn its Opposition to Plaintiffs' Motion to Seal into an ersatz motion to strike.

Accordingly, the Court must consider two separate issues. First, if the Court were to allow Plaintiffs to file their proposed Motion to Compel under seal, could the Court consider that Motion given that it contains privileged material? Second, assuming the Court *could* consider Plaintiffs' proposed Motion to Compel if it was filed under the seal, would sealing the Motion to Compel accord with the Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)?

## LAW AND ANALYSIS

### A. The Court May Consider The Proposed Motion To Compel.

First, Ohio National argues that the Court should deny Plaintiffs' Motion to Seal, because if that Motion were granted, it would allow the Court to improperly

4

consider the privileged material in the proposed Motion to Compel and its underlying exhibits. Plaintiffs respond that, if the Court were to permit Plaintiffs to file the proposed Motion to Compel[3] under seal, the Court would be permitted to consider the privileged material therein for the limited purpose of determining whether that privilege has been waived. Thus, the question is, if the Court were to grant the Motion to Seal and add Plaintiffs' proposed Motion to Compel to the sealed case record, would the Court be permitted to consider the Motion to Compel, given that it contains allegedly privileged material?

Under Fed. R. Civ. P. 26(b)(5)(B), "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it." After the receiving party receives notification, that party "must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly *present the information to the court under seal for a determination of the claim*." Fed. R. Civ. P. 26(b)(5)(B) (emphasis added).

The plain language of Rule 26(b)(5)(B) thus indicates that parties receiving allegedly privileged information are permitted to "present [the allegedly privileged] information to the Court," so long as they do so "under seal" and for the narrow

---

[3] Occasionally, in describing the material to be sealed under Plaintiffs' Motion to Seal, the Court refers simply to the "proposed Motion to Compel." Unless otherwise stated, this should be understood to refer to both the proposed Motion to Compel itself as well as its accompanying exhibits.

5

purpose of "determin[ing]" whether the alleged privileged actually applies. Indeed, courts in this circuit have often interpreted this provision as allowing them to review the contents of privileged material, so long as the above conditions are satisfied. *See, e.g.*, *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2012 WL 3731483, at *3 (S.D. Ohio Aug. 28, 2012) ("[T]he Court's review of the documents submitted under seal suggests that many of the documents fall within the ambit of the attorney client privilege."); *John B. v. Goetz*, 879 F. Supp. 2d 787, 892 (M.D. Tenn. 2010) ("The Court instructed defense counsel that for any documents subject to a claim of privilege, those documents should be filed under seal for an *in camera* inspection."); *Binelli v. Charter Flint & Karyn Miller*, No. 09-CV-10385, 2010 WL 11544976, at *2 (E.D. Mich. June 7, 2010) (noting that the receiving party "should have filed [the allegedly privileged material] under seal with the Court for a determination of the privilege claim"). The combination of Rule 26(b)(5)(B)'s plain language and this settled caselaw certainly suggests that this Court is permitted to review the material.

Ohio National counters, however, that an exception to Rule 26(b)(5)(B) applies in this case which would preclude the Court from examining the content of the allegedly privileged material. Specifically, Ohio National argues that, in this case, the material in the proposed Motion to Compel is "undisputedly privileged but for the purported 'waiver' issue to be teed up by the contemplated [Motion to Compel]." (Opp'n, Doc. 97, #4249). And, Ohio National goes on, "the issue of waiver by inadvertent disclosure in discovery … is resolved by application of the factors set

forth in Evidence Rule 502(b). Such factors do not include the substance of the underlying material." (*Id.* at #4250). Thus, Ohio National argues, because the Court need not refer to the privileged material to determine whether the privilege has been waived under F.R.E. 502(b), the Court should not be presented with that material at this juncture. (*Id.* at #4251). The Court is not persuaded.

First, Ohio National's argument finds no support in Rule 26(b)(5)(B) itself. As already discussed, that Rule simply states that "[i]f information produced in discovery is subject to a claim of privilege … [the receiving party] may promptly present the information to the court under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B). Ohio National appears to read this rule as meaning that the receiving party may present the information to the court *only if doing so is necessary* for a determination of the claim. But the Rule's text does not say that (at least not expressly), which suggests that potentially privileged material may be submitted to the Court for consideration whenever the privilege is disputed. Stated differently, Rule 26(b)(5)(B)'s plain language does not support Ohio National's argument that a receiving party must effectively anticipate whether the court would be required to consult the allegedly privileged information in adjudicating a privilege claim before that party would be permitted to disclose that information to the court.

Second, even if the Court credited Ohio National's reading of Rule 26(b)(5)(B), the Court would still need to review the contents of the allegedly privileged material to determine whether Ohio National waived that privilege under F.R.E. 502.

7

F.R.E. 502 governs attorney-client privilege and attorney-client work product. Section (b) of that rule states that "[w]hen made in a federal proceeding … the disclosure [of material] does not operate as a waiver [of attorney-client privilege or work product protection] in a federal … proceeding if" the following conditions are satisfied. First, "the disclosure is inadvertent;" second, "the holder of the privilege or protection took reasonable steps to prevent disclosure;" and third, "the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b).

Contrary to Ohio National's argument, in determining whether privilege has been waived under these three factors, courts in this Circuit have referred to the content of the underlying privileged material itself. For example, in *irth Solutions v. Windstream Communications*, the court found a producing party had not taken reasonable steps to prevent the disclosure of privileged emails, noting "the documents [in question] contain[ed] obviously privileged material on their face." No. 2:16-cv-219, 2017 WL 3276021, at *13 (S.D. Ohio Aug. 2, 2017). The court noted, for example, that several of the emails in question were from the producing party's in-house counsel, where "the title of 'Counsel' [was] prominently displayed" on the signature line. *Id.* "Moreover, almost one-third of the contested documents contain[ed] the word 'legal.' Any layperson who understands the basic concepts of privilege would at least have identified these documents as suspect. Further, the utilization of any basic key-word search would have flagged these documents for additional review." *Id.*; *see also Kumar v. Hilton Hotels Corp.,* No. 08-2689, 2009 WL 1683479, at *3 (W.D. Tenn. June

16, 2009) (consulting the contents of allegedly privileged emails to determine whether the producing party had taken reasonable steps to prevent their disclosure). Accordingly, to determine whether Ohio National waived its privilege on any material incorporated into the proposed Motion to Compel, the Court may review the contents of that privileged material.[4]

In sum, to the extent Ohio National opposes Plaintiffs' Motion to Seal because granting that Motion would have the effect of adding Plaintiffs' proposed Motion to Compel (and the allegedly privileged material contained therein) into this case's sealed record, the Court rejects that argument.

**B.     The Motion To Compel Is Properly Sealed Under *Shane Group*.**

Even though neither side in this case appears to believe that the proposed Motion to Compel should be entered into the public record, that is not the end of the matter. Of course, "[i]t would be easy—in the interest of judicial economy, one might say—to grant a sealing motion when no party objects." *Lewis v. Smith*, No. 2:20-cv-3461, 2020 WL 6044082, at *3 (S.D. Ohio Oct. 13, 2020). But a court should not, indeed cannot, grant a motion to seal simply because it is easy and convenient to do so. Rather, courts must evaluate a motion to seal in light of the weighty public

---

[4] Ohio National's argument that the Court need not refer to the content of the privileged material to adjudicate the waiver issue relies heavily on *United States v. Basic Research, LLC*, a case from the District of Utah. No. 2:09-cv-972, 2010 WL 11693231 (D. Utah Mar. 18, 2020). There, the Court stated that "[a]ny assertion of whether privilege was waived depends on the circumstances of the disclosure, not the contents of the disclosed materials." *Id.* at *10. That case, however, did not concern a receiving party's efforts to submit documents to the Court for review under Rule 26(b)(5)(B), and thus strikes the Court as distinguishable from the instant matter. Moreover, to the extent *Basic* suggests that it is *never* necessary to consult the contents of allegedly privileged material in adjudicating a waiver dispute under F.R.E. 502(b), this Court respectfully disagrees for the reasons already explained in this Opinion.

interests in judicial transparency and open access to court records. *Shane Grp.*, 825 F.3d at 305. Accordingly, as the Sixth Circuit has explained, "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* at 306.

The Sixth Circuit's decision in *Shane Group* provides a framework for courts evaluating a party's request to seal documents in the judicial record. Specifically, *Shane Group* requires the party seeking a seal to advance a "compelling reason why certain documents or portions thereof should be sealed." *Shane Grp.*, 825 F.3d at 305 (citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 509–11 (1984)). And, even if the movant can demonstrate a compelling reason, the proposed "seal itself must be narrowly tailored to serve that reason." *Id.* As part of the narrow tailoring requirement, it falls to the "proponent of sealing" to "analyze in detail, document by document, the propriety of secrecy, [and to] provid[e] reasons and legal citations." *Id.* at 305–06 (quoting *Baxter, Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Here, the Court concludes that the Motion to Compel and its accompanying exhibits are properly filed under seal based on the parties' contention that these documents may contain privileged material. In *Shane Group*, the Sixth Circuit recognized that "'in civil litigation, … information covered by a recognized privilege (such as the attorney-client privilege) …' is typically enough to overcome the presumption of access" necessary to place that information under seal. 825 F.3d at 308 (quoting *Baxter,* 297 F.3d at 546). Moreover, as previously discussed, although

10

Rule 26(B)(5)(B) permits a court to review potentially privileged material to determine whether such privilege applies, the Rule expressly instructs the Court to do so "under seal." This provides further support for the conclusion that Plaintiffs' Motion to Seal should be granted to the extent necessary to protect the potentially privileged information in the Motion to Compel.

Next, having reviewed the proposed Motion to Compel and its accompanying exhibits, the Court finds that the potentially privileged information at issue is relatively pervasive throughout these documents. Thus, the proposed seal is no broader than necessary to protect this allegedly sensitive information. Accordingly, the Court finds that Plaintiffs' Motion to Seal is properly granted under *Shane Group*.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Seal (Doc. 95) and **DIRECTS** Plaintiffs to file the proposed Motion to Compel and its accompanying exhibits under seal.

**SO ORDERED.**

May 25, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**