## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**VERITAS INDEPENDENT
PARTNERS, LLC, et al.,[1]**

           **Plaintiffs,**               **Case No. 1:18-cv-769
JUDGE DOUGLAS R. COLE**

    **v.**

**THE OHIO NATIONAL LIFE
INSURANCE COMPANY, et al.**

        **Defendants.**

## <u>OPINION AND ORDER</u>

This cause comes before the Court on Plaintiffs Veritas Independent Partners, LLC and Avantax Investment Services, Inc.'s Motion to File Under Seal ("Motion," Doc. 108). There, Plaintiffs request leave to file under seal transcript excerpts from the deposition of Marty Griffin ("Griffin Deposition Excerpts") as an exhibit to Plaintiffs' Reply (Doc. 109) in support of their Rule 56(d) Motion to Conduct Additional Discovery (Doc. 98). Plaintiffs also seek to redact any references to the Griffin Deposition Excerpts in the Reply brief itself.

For the reasons stated more fully below, the Court **DENIES** Plaintiffs' Motion (Doc. 108) **WITHOUT PREJUDICE.** However, the Court will maintain the temporary seal already in place with regard to the Griffin Deposition Excerpts for

---

[1] The Plaintiffs in this action, so far, are Veritas Independent Partners, LLC, and Avantax Investment Securities, Inc. (collectively, "Veritas"). The Court says they are the Plaintiffs "so far," because they allege they also are bringing this lawsuit on behalf of similarly situated broker-dealers, though the Court has not yet certified a class.

thirty (30) days. During that time, Ohio National may renew its request for a permanent seal.

## BACKGROUND

The procedural posture of the instant Motion to Seal is somewhat complicated. Plaintiffs filed their Motion to Conduct Additional Discovery on April 28, 2022. (Doc. 98). Defendants Ohio National Life Insurance Company; Ohio National Life Assurance Corp.; Ohio National Equities, Inc.; and Ohio National Financial Services, Inc. (collectively "Ohio National") filed an Opposition to that Motion on May 19, 2022. (Doc. 103).

Prior to filing their Reply in support of the Motion to Conduct Additional Discovery, Plaintiffs filed the instant Motion to Seal, where they request that the Court allow them to file the Griffin Deposition Excerpts under seal as an exhibit. (Doc. 108, #4643[2]). Plaintiffs, though, emphasize that they make this request on Ohio National's behalf, as it is Ohio National—not Plaintiffs—that "ha[s] designated the excerpts as confidential and … believe[s] the excerpts should be filed under seal." (*Id.*). Thus, although "Plaintiffs do not object" to the request to seal, they do not offer any substantive arguments in support of the request, either. (*Id.*). Instead, the arguments in support of Plaintiffs' Motion to Seal are actually found in Ohio National's Response brief, which Ohio National filed on June 17, 2022. ("Response," Doc. 111).

---

[2] Refers to PAGEID #.

Ohio National offers two arguments in support of sealing the Griffin Declaration Excerpts. First, Ohio National argues that, although motions to seal are ordinarily evaluated pursuant to the Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), that framework does not apply in this case, because the Griffin Declaration Excerpts would be filed in connection with a discovery motion. Thus, Ohio National contends, rather than applying *Shane Group*, the Court should evaluate the Motion to Seal under Federal Rule of Civil Procedure 26(c)'s "good cause" standard for protective orders. (*See* Resp., Doc. 111, #4876). Under that "good cause" standard, Ohio National maintains, a sealing order is appropriate. Second, Ohio National argues that, even if *Shane Group*'s more stringent standard applies, that standard is met in this case, as a seal is necessary to protect Ohio National's "confidential business information." (*Id.* at #4878).

As explained in further detail below, the Court agrees that Rule 26(c), rather than *Shane Group*, provides the relevant framework for analyzing Ohio National's request to seal the Griffin Declaration Excerpts. However, the Court concludes that Ohio National has not shown good cause to justify the seal. Moreover, because the Court concludes that Ohio National's request fails to satisfy Rule 26(c)'s comparatively lenient "good cause" standard, the Court does not reach Ohio National's alternative argument that a seal is justified under *Shane Group*'s more stringent standard.

## LAW AND ANALYSIS

Ordinarily, when a party files a motion to seal, courts evaluate that motion pursuant to the Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). Under that framework, the party seeking a seal must advance a "compelling reason why certain documents or portions thereof should be sealed." *Id.* at 305 (citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 509–11 (1984)). And, even if the movant can demonstrate a compelling reason, the proposed "seal itself must be narrowly tailored to serve that reason." *Id.* As part of the narrow tailoring requirement, it falls to the "proponent of sealing" to "analyze in detail, document by document, the propriety of secrecy, [and to] provid[e] reasons and legal citations." *Id.* at 305–06 (quoting *Baxter, Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Before applying that framework, however, the Court must determine whether *Shane Group* applies in cases like this one, where the parties seek to seal records related to a discovery dispute in a civil matter. This Court previously addressed a similar issue in *United States v. Sittenfeld,* No. 1:20-cr-142, 2021 WL 1438300 (S.D. Ohio Apr. 15, 2021), although that case, unlike this one, was a criminal matter. There, the Court was considering the government's Motion for a Protective Order, which requested that the Court "requir[e] that any references to [certain allegations] be placed under seal if included in a discovery motion filed with the Court." *Id.* at *2. The government argued that the Court should evaluate the Motion under Federal Rule of Criminal Procedure 16(d)(1), which "permits a Court to issue a protective order regarding discovery material 'for good cause.'" *Id.* at *3 (quoting Fed. R. Crim.

P. 16(d)(1)). The defendant, on the other hand, argued that the Court should apply *Shane Group*'s more stringent standard for granting a motion to seal. *Id.* at *5.

The Court concluded that, in determining whether *Shane Group* applies, courts must distinguish "between material filed with discovery motions and material filed in connection with more substantive motions." *Id.* at *7 (quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)). While *Shane Group* clearly applied to the latter category of motions, the Court concluded that *Shane Group's* "strictures do not, and should not, apply to discovery motions." *Id.* at *9.

The Court reached this conclusion for three reasons. First, the Court observed that "*Shane Group* derived its standard from the well-settled common-law presumption of access to court documents." *Id.* at *7. Because certain pretrial procedural vehicles have effectively evolved as "substitute[s]" for trials insofar as they adjudicate substantive rights, "courts have applied the common-law presumption of openness to documents associated with such proceedings" as well. *Id.* However, "when it comes to 'material filed with discovery motions' that do not 'require judicial resolution of the merits,' courts have held that the common-law presumption of access does not attach." *Id.* (quoting *Chicago Trib. Co.*, 263 F.3d at 1312).

Second, the Court noted that "[t]he presumption of access is based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). Of course, "not all information 'generated in federal

litigation' plays an equally valuable role in allowing the public to monitor the federal courts' performance of their Article III functions." *Id.* Indeed, filings related to discovery issues—in contrast to filings related to matters that directly affect an adjudication—bear only a "marginal relationship to the performance of Article III functions." *Id.* at *8 (quoting *Amodeo,* 71 F.3d at 1052). Thus, applying the presumption of access to motions related to discovery issues would do little to promote public accountability or confidence in the administration of justice.

Third, the Court found that "applying *Shane Group*'s standard to discovery filings undermines the primary purpose of discovery: 'to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field.'" *Id.* For example, in *Sittenfeld*, the Court observed that it had already put in place a discovery order which "function[ed] as a kind of blanket order limiting the dissemination of certain categories of discovery material." *Id.* The rationale behind that protective order was to encourage the government to disclose information to the defendant, without fear that the defendant would widely disseminate it. *Id.* In instituting that protective order, the Court was required to find there was good cause to do so under Federal Rule of Civil Procedure 16(d)(1)—a standard which, as previously explained, is lower than the *Shane Group* framework courts use to determine whether to grant a sealing order. *Id.* Thus, if the Court then applied *Shane Group's* more stringent framework in evaluating requests to seal material related to discovery motions, then the defendant in *Sittenfeld* could have evaded the protective order's restrictions on dissemination simply by attaching the protected material to a

discovery motion. *Id.* Stated differently, even if there had been "good cause" justifying the protective order, that protective order would not provide much actual protection against dissemination unless the government could show a seal was appropriate under *Shane Group*. "[T]he ease of evading the protective [o]rder would, in turn, undercut any 'encouragement to disclose' in the first instance." *Id.* (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013)).

Thus, the Court agrees with Ohio National that *Shane Group's* framework for sealing does not apply to material related to discovery motions. Rather, because the Griffin Deposition Excerpts would be filed in connection with a discovery motion, they should be evaluated under the standard for granting a protective order. *See also In re Onglyza Saxagliptin & Kombiglyze Xr Saxagliptin & Metformin Prods. Liab. Litig.,* No. 5:18-md-2809, 2019 WL 13098504, at *1–2 (E.D. Ky. Dec. 16, 2019) (applying the "good cause" standard used for protective orders in evaluating a request to seal material filed in connection with a discovery-related motion). In criminal cases—like *Sittenfeld*—that standard is defined in Federal Rule of Criminal Procedure 16(d)(1). That rule's counterpart in the Federal Rules of Civil Procedure is Rule 26(c). Rule 26(c) states, in pertinent part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The question, then, is whether there is "good cause" to grant Plaintiffs' Motion to Seal in this case.

"The party seeking [a] protective order bears the burden to show good cause 'with a particular and specific demonstration of fact, as distinguished from

stereotyped and conclusory statements.'" *Greer v. Williams,* No. 3:20-cv-726, 2022 WL 1540411, at *1 (M.D. Tenn. May 16, 2022) (quoting *Serrano v. Cintas Corp.,* 699 F.3d 884, 901 (6th Cir. 2012)). "Trial courts have 'broad discretion … to decide when a protective order is appropriate and what degree of protection is required.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

In its Response, Ohio National argues that there is good cause supporting a seal because releasing the Griffin Declaration Excerpts to the public would reveal "confidential business information." (Doc. 111, #4877). To be sure, under Rule 26(c)(1)(G), documents containing "trade secret[s] or other confidential research, development, or commercial information" fall within the scope of material that may support a finding of good cause. Ohio National's problem, though, is that it does not explain *how* any of the information in the Griffin Declaration Excerpts is confidential—nor is it clear to the Court after reviewing the document in question what information Ohio National claims is confidential or why. Absent some explanation on that front, the Court is left with little more than Ohio National's "conclusory statement" that the document in question contains confidential business material. That is inadequate.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion (Doc. 108) **WITHOUT PREJUDICE.** However, the Court will maintain the temporary seal already in place with regard to the Griffin Deposition Excerpts for thirty (30) days.

During that time, Ohio National may renew its request for a permanent seal consistent with the standard set forth above.

      **SO ORDERED.**

July 1, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9