IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VERITAS INDEPENDENT PARTNERS, LLC, *et al.*, | : <br> : <br> : |
| *Plaintiffs*, | : Case No. 1:18-cv-769 <br> : <br> : Judge Jeffery P. Hopkins |
| vs. | : <br> : |
| THE OHIO NATIONAL LIFE INSURANCE COMPANY, *et al.*, | : <br> : <br> : |
| *Defendants*. | : |

## ORDER

Presently before the Court are the following motions filed by Plaintiff Veritas Independent Partners, LLC ("Veritas") and Avantax Investment Services, Inc. ("Avantax") (collectively, "Plaintiffs"), and the responses filed by Defendants The Ohio National Life Insurance Company, Ohio National Life Assurance Company, Ohio National Equities, Inc., and Ohio National Financial Services, Inc. (collectively, "Defendants"): (1) Rule 56(d) motion to conduct additional discovery (Doc. 98) (the "Rule 56(d) Motion"), (2) motion for leave to file a response in opposition to Defendants' second motion for summary judgment (Doc. 136) (the "Opposition Motion"), (3) unopposed motion for leave to file its response under seal (Doc. 142) (the "Seal Motion"), and (4) motion for leave to file supplemental documentation and memorandum under seal (Doc. 146) (the "Supplemental Motion").

Also before the Court is Defendants' request for an order to hold the motion for class certification in abeyance pending a ruling on Defendants' motion for summary judgment (Doc. 89) (the "Abeyance Motion") and Plaintiffs' response thereto. (Doc. 99).

For the reasons set forth below, Plaintiffs' Opposition Motion (Doc. 136), Plaintiffs' Seal Motion (Doc. 142), Plaintiffs' Supplemental Motion (Doc. 146) and Defendants' Abeyance Motion (Doc. 89) are hereby **GRANTED**, and Plaintiffs' Rule 56(d) Motion (Doc. 98) is **DENIED AS MOOT**.

I.  BACKGROUND

Plaintiffs are independent broker dealers that provide financial services and products to individual retail customers. One such product they provide includes individual variable annuities, created by third parties and sold to Plaintiffs, who then sell the annuities to their retail customers. In the dispute in this proceeding, Plaintiffs entered into "selling agreements" with Defendants for the sale of "ONcore Variable Annuities." Compl., Doc. 39, PageID 539. The terms of the selling agreements provided that Plaintiffs would receive trail commissions—a form of compensation paid on a periodic basis based on the value of the annuity—in exchange for the sale of annuities to Plaintiffs' retail customers. *Id.*

However, in September 2018, Defendants sent letters to Veritas and Avantax notifying them that their selling agreements would be terminated in December of that year and that "all individual annuity trail compensation under the selling agreement[s] [would] cease" at the time of termination. *Id.* at PageID 542. Veritas initiated this breach of contract action in November 2018 in direct response to Defendants' decision to cease trail commissions. Avantax joined as a plaintiff to the case in December 2019. Compl., Doc. 39.

The primary issue arising out of this action is one of contract interpretation. Plaintiffs argue that the following provision (the "Survival Provision") means that Defendants' obligation to pay trail commissions survived termination of the selling agreements:

> The terms of compensation shall survive this Agreement unless
> the Agreement is terminated for cause by ONL [Defendants],

2

> provided that BD [Veritas and Avantax] remains a broker-dealer in good standing with the FINRA and other state and federal regulatory agencies and that BD remains the broker-dealer of record for the account.

Compl., Doc. 39-1, PageID 553; Doc. 39-2, PageID 561.

Defendants maintain, however, that a different provision (the "In Force Provision"), located in the schedule of commissions attached to the selling agreements, says the opposite:

> Trail commissions will continue to be paid to broker dealer of record while the Selling Agreement remains in force and will be paid on a particular contract until the contract is surrendered or annuitized.

Compl., Doc. 39-3, PageID 567. To advance this argument on summary judgment, Defendants point to *Ohio Nat'l Life Ins. Co. v. Cetera Advisor Networks, LLC* (*Oppenheimer*), No. 1:19-cv-47, 2021 WL 2819838 (S.D. Ohio July 7, 2021) (Cole, J.), a case that previously construed the identical contractual provisions at issue in this matter. Specifically, Defendants contend that the reasoning set forth under *Oppenheimer*, "coupled with the admissions secured during Named Plaintiffs' depositions, compels the conclusion that [Defendants] had no obligation to pay trail commissions [] after termination." Doc. 88, PageID 4102.

Rather than responding to Defendants' summary judgment motion on the merits, Plaintiffs initially sought additional discovery from Defendants under Rule 56(d). According to Plaintiffs, the information that Defendants provided previously lacked sufficient detail and responsiveness for them to be able to adequately oppose Defendants' summary judgment motion. Doc. 98. Having recently obtained additional discovery, Plaintiffs now ask this Court for leave to respond to Defendants' motion for summary judgment and for permission to file certain accompanying exhibits and documentation under seal. *See* Docs. 135, 142, 146.

3

Separately, Defendants are also asking this Court to hold Plaintiffs' motion for class certification in abeyance pending resolution of the motion for summary judgment. Doc. 89.

## II. PENDING MOTIONS

### a. Plaintiffs' Rule 56(d) and Opposition Motions

The Court will first address Plaintiffs' motions asking for relief under Rule 56(d) and for leave to file a response to Defendants' motion for summary judgment.

Rule 56(d) of the Federal Rules of Civil Procedure sets forth the procedure for when a party asserts that additional discovery is necessary before it can respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Plaintiffs originally sought relief under Rule 56(d) on the basis that they required additional discovery in order to adequately oppose Defendants' motion for summary judgment. Plaintiffs contend, however, that subsequent to filing that motion, Defendants "made numerous supplemental productions." Doc. 136, PageID 5516. Since that time, Plaintiffs have been able to take four additional depositions, including that of Diane White, a custodian from whom Plaintiffs sought electronically stored information (*i.e.*, ESI). *Id.* at PageID 5517. Based on the evidence discovered, Plaintiffs argue that it "is clear that ONL is

4

not entitled to summary judgment," and now seek leave to formally respond to Defendants' motion for summary judgment. Defendants have no opposition to proceeding in this way. Defendants assert, however, that if the Court were to grant the Opposition Motion, the Court should then deny the Rule 56(d) Motion[1] and hold class certification in abeyance pending resolution of summary judgment.

Under these circumstances, good cause now exists that warrants Plaintiffs having an opportunity to file their response to summary judgment. Accordingly, the Opposition Motion is **GRANTED**. Plaintiffs concede that they now possess facts obtained through discovery essential to mounting their opposition to summary judgment—negating the need for relief under Fed. R. Civ. P. 56(d). As such, the Rule 56(d) Motion has been rendered moot. *See Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) ("The protection afforded by [Rule 56(d)] is an *alternative* to a response in opposition to summary judgment.") (citing 10A Wright, Miller, & Kane, Federal Practice and Procedure § 2740 (1983)). For that reason, the Rule 56(d) Motion is **DENIED AS MOOT**.

### b. Plaintiffs' Seal and Supplemental Motions

The Court now turns to Plaintiffs' requests to file certain documents under seal. A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record…[including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v.*

---

[1] Plaintiffs decline to withdraw the Rule 56(d) Motion.

5

*Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

1. **The Seal Motion**

Plaintiffs seek to file twenty-eight (28) exhibits under seal on the basis that the exhibits contain information that Defendants have "marked as confidential, continue[] to contend is confidential, and ha[ve] asked be filed under seal." Doc. 142, PageID 5535. Defendants reported that the information qualifies as "private/confidential material relating to non-party BDs and individuals [and includes] confidential internal business and strategy-related materials and communications, and other confidential business information not shared with competitors or the public—i.e., information and documents of the sort Judge Cole previously found to be confidential and appropriately filed under seal in various orders."[2] *Id.* at 5537.

---

[2] This case was reassigned to the undersigned on December 21, 2022. While previously assigned this case, District Judge Douglas R. Cole ordered that certain documents be filed in this case under seal, *see* Doc. 79, including: (1)

6

Plaintiffs submitted the following exhibits for *in camera* review:

| No. | Description/Bates No. | Confidential Excerpts/Exhibits |
|---|---|---|
| 3 | Excerpts from December 19, 2019 Deposition of Thomas Barefield in *Kestra Investment Servs., LLC v. The Ohio Nat'l Life Ins. Co.*, No. 1:19-cv-00687-JRN (W.D. Tex.) | 45:17–46:21, 53:3–23, 151:19–152:12 |
| 4 | Excerpts and select exhibits from May 24, 2021 Deposition of Scott Shepherd | 147:1–13, 159:11–160:14, 200:15–24, Exhibit 2, Exhibit 3, Exhibit 11, Exhibit 14, Exhibit 21, Exhibit 22 |
| 6 | Excerpts and select exhibits from August 17, 2023 Deposition of Scott Shepherd | 16:3–24, 17:1–21:5, 27:1–28:17, 34:1–11, 35:6–37:10, 52:16–53:14, 55:10–59:2, 61:13–62:5, 64:11–65:23, 67:24–68:6, 70:3–10, 83:6–12, 87:11–17, 117:12–118:9, 131:2–132:4, 133:20–134:13, Exhibit 31, Exhibit 32, Exhibit 33, Exhibit 34, Exhibit 37, Exhibit 38, Exhibit 39 |
| 9 | ONLVeritas 018917–32 | |
| 10 | ONLVeritas 022771–86 | |
| 11 | ONLVeritas 019390–410 | |
| 12 | ON-Esearch 013907–09 | |
| 13 | E-ONL 653018 | |
| 14 | E-ONL 254158 | |
| 15 | E-ONL 299813–15 | |
| 17 | SAMPLE000135384 | |
| 19 | Excerpts and select exhibits from March 17, 2023 Deposition of Scott Shepherd in *UBS Fin. Servs. v. The Ohio Nat'l Life Ins. Co.*, No. 2:18-cv-17191-MCA-ESK (D.N.J.) | 102:20–104:14, 190:1–18, 218:1–219:7, 224:11–228:3, Exhibit 32, Exhibit 56, Exhibit 109 |
| 20 | Exhibit 55 to February 27, 2023 Deposition of Michael DeWeirdt in *UBS Fin. Servs. v. The Ohio Nat'l Life Ins. Co.*, No. 2:18-cv-17191-MCA-ESK (D.N.J.) | |
| 21 | Excerpts and select exhibits from August 15, 2023 Deposition of Tom DeGaetano | all excerpts and exhibits attached to Misny Decl. |
| 22 | E-ONL 145627 | |

---

the company names found on page 147, lines 11–12 of the deposition transcript of Ohio National's Civil Rule 30(b)(6) representative ("30(b)(6) Deposition"); (2) the company name found on page 160, line 7 of the 30(b)(6) Deposition; (3) the document Bates-stamped ON-ESearch 21383 in its entirety; (4) the document Bates-stamped ON-ESearch 102156 in its entirety; and (5) Exhibit 14 to the 30(b)(6) Deposition in its entirety. To the extent that Plaintiffs seek leave to file Exhibit 14 to the 30(b)(6) Deposition under seal, that request is granted for the reasons set forth by Judge Cole. *See* Doc. 79, PageID 2361–62.

| 23 | Excerpts and select exhibits from August 10, 2023 Deposition of Sheryl Ridgley | all excerpts and exhibits attached to Misny Decl. |
|---|---|---|
| 24 | ONLVeritas 021661 | |
| 25 | E-ONL 159739 | |
| 26 | E-ONL 187960 | |
| 27 | E-ONL 193972 | |
| 28 | ONLVeritas 054926 | |
| 29 | Excerpts from September 8, 2023 Deposition of Diane White | all excerpts attached to Misny Decl. |
| 30 | ON-ESearch 104390 | |
| 31 | ONLVeritas 014877 | |
| 32 | E-ONL 479384 | |
| 33 | ONLVeritas 036425–31 | |
| 34 | E-ONL 530531 | |
| 35 | ON-Epriv 010125–26 | |

*See* Doc. 142, PageID 5536–37.

The Court has conducted a thorough *in-camera* review of these exhibits and finds that these records contain either (or in some circumstances, both): (1) information relating to named companies or other third parties that are neither parties nor putative parties in this action, and/or (2) information relating to Defendants' or other third parties' confidential business information such as strategy discussions, business practices, or decision-making.

The Court finds that Plaintiffs have met the stringent burden of demonstrating that these records should be filed under seal and therefore **GRANTS** Plaintiffs' Seal Motion. Given the volume of the records submitted, the similar nature of the content contained in them, and the Court's previous order (Doc. 79), this Court will address the exhibits based on the categories articulated above.

As noted, Judge Cole previously determined that Defendants have a compelling interest in protecting the privacy interests of third parties that are neither parties nor putative parties in this case. Doc. 79, Page ID 2259 (citing *Shane Group*, 825 F.3d at 308 ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation")).

Finding that these records should be sealed, Judge Cole explained that the request to seal such records was narrowly tailored, and that "the names of these third parties will not be relevant to the Court's decision in this matter, and thus sealing the names will not hinder the public's ability to understand the Court's decision." *Id.* at PageID 2259–60.

The same is true for certain of the records submitted and reviewed by this Court related to the dispute in the case *sub judice*. To protect the privacy interests of third parties, this Court therefore orders the following items to be filed under seal:

- Exhibit No. 3: Excerpts from December 19, 2019 Deposition of Thomas Barefield in *Kestra Investment Servs., LLC v. The Ohio Nat'l Life Ins. Co.*, No. 1:19-cv-00687-JRN (W.D. Tex.), including 45:17–46:21, 53:3–23, 151:19–152:12

- Exhibit No. 4: Excerpts and select exhibits from May 24, 2021 Deposition of Scott Shepherd, including 147:1–13, 159:11–160:14, Exhibit 21, Exhibit 22

- Exhibit No. 6: Excerpts and select exhibits from August 17, 2023 Deposition of Scott Shepherd, including 17:1–21:5, Exhibit 38, Exhibit 39

- Exhibit No. 9: ONLVeritas 018917–32

- Exhibit No. 10: ONLVeritas 022771–86

- Exhibit No. 11: ONLVeritas 019390–410

- Exhibit No. 19: Excerpts and select exhibits from March 17, 2023 Deposition of Scott Shepherd in *UBS Fin. Servs. v. The Ohio Nat'l Life Ins. Co.*, No. 2:18-cv-17191-MCA-ESK (D.N.J.), including Exhibit 32

- Exhibit No. 21: Excerpts and select exhibits from August 15, 2023 Deposition of Tom DeGaetano, including all excerpts and exhibits attached to Misny Decl.

- Exhibit No. 22: E-ONL 145627

- Exhibit No. 24: ONLVeritas 021661

- Exhibit No. 28: ONLVeritas 054926

- Exhibit No. 31: ON-ESearch 104390

- Exhibit No. 32: ONLVeritas 014877

- Exhibit No. 33: E-ONL 479384

- Exhibit No. 34: ONLVeritas 036425–31

- Exhibit No. 35: E-ONL 530531

- Exhibit No. 36: ON-Epriv 010125–26

The remainder of the records implicate Defendants' confidential business strategies and/or private business information of other parties. This Court adopts Judge Cole's previous determination that there is a compelling interest in sealing documents that contain Defendants' sensitive business information and similar information belonging to other parties. Doc. 79, PageID 2360 ("Particularly in 'highly competitive' industries—such as the industry at issue in this matter—the 'protecti[on of] parties' confidential business practices' can be a compelling reason to grant a seal.") (quoting *Exec. Jet Mgmt., Inc. v. Longbow Enters., LLC*, No. 1:21-cv-74, 2021 WL 4952705, at *2 (S.D. Ohio, Apr. 1, 2021)). Like the documents that this Court previously ordered sealed in this proceeding, the documents under consideration here also contain "highly detailed and specific" information that would be prejudicial to Defendants and other entities should it be disclosed. *Id.* at PageID 2361.

The request to seal these records is no greater than required and this Court does not believe that the information will be necessary to understand or appreciate the substance of its decision in this matter. *See, e.g.*, *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("the public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion."). Thus, to protect Defendants and other non-party

entities' confidential and sensitive business information, this Court directs that each of the items that follow likewise be filed under seal:

- Exhibit No. 4: Excerpts and select exhibits from May 24, 2021 Deposition of Scott Shepherd, including: 200:15–24, Exhibit 2, Exhibit 3, Exhibit 11

- Exhibit No. 6: Excerpts and select exhibits from August 17, 2023 Deposition of Scott Shepherd, including: 16:3–24, 27:1–28:17, 34:1–11, 35:6–37:10, 52:16–53:14, 55:10–59:2, 61:13–62:5, 64:11–65:23, 67:24–68:6, 70:3–10, 83:6–12, 87:11–17, 117:12–118:9, 131:2–132:4, 133:20–134:13, Exhibit 31, Exhibit 32, Exhibit 33, Exhibit 34, Exhibit 37

- Exhibit No. 12: ON-Esearch 013907–09

- Exhibit No. 13: E-ONL 653018

- Exhibit No. 14: E-ONL 254158

- Exhibit No. 15: E-ONL 299813–15

- Exhibit No. 17: SAMPLE000135384

- Exhibit No. 19: Excerpts and select exhibits from March 17, 2023 Deposition of Scott Shepherd in *UBS Fin. Servs. v. The Ohio Nat'l Life Ins. Co.*, No. 2:18-cv-17191-MCA-ESK (D.N.J.), including 102:20–104:14, 190:1–18, 218:1–219:7, 224:11–228:3, Exhibit 56, Exhibit 109

- Exhibit No. 20: Exhibit 55 to February 27, 2023 Deposition of Michael DeWeirdt in *UBS Fin. Servs. v. The Ohio Nat'l Life Ins. Co.*, No. 2:18-cv-17191-MCA-ESK (D.N.J.)

- Exhibit No. 21: Excerpts and select exhibits from August 15, 2023 Deposition of Tom DeGaetano, including all excerpts and exhibits attached to Misny Decl.

- Exhibit No. 23: Excerpts and select exhibits from August 10, 2023 Deposition of Sheryl Ridgley, including all excerpts and exhibits attached to Misny Decl.

- Exhibit No. 25: E-ONL 159739

- Exhibit No. 26: E-ONL 187960

- Exhibit No. 27: E-ONL 193972

11

- Exhibit No. 29: Excerpts from September 8, 2023 Deposition of Diane White, including all excerpts attached to Misny Decl.

### 2. The Supplemental Motion

Plaintiffs also seek to file under seal supplemental documentation that Defendants produced after Plaintiffs filed the Seal Motion and Opposition Motion for leave to respond to summary judgment. Defendants' production included "historical manuals and training documents governing the operation of its compensation for broker-dealers," including one manual that Defendants marked as confidential. Doc. 146, PageID 5550. Defendants agree that the manual should be filed under seal, arguing that "the detailed and *internal* systems-related documentation [] contains confidential and proprietary information [] that is not shared with the public, let alone competitors," and "constitute[s] precisely the type of confidential information that Judge Cole previously deemed to warrant sealing in this case." Doc. 147, PageID 5554–55 (emphasis in original). Having reviewed the manual *in camera*, the Court agrees that this too should be filed under seal. To hold otherwise would risk disclosure of Defendants' sensitive business information, *see Exec. Jet Mgmt., Inc.*, 2021 WL 4952705, at *2, and severely prejudice Defendants. Moreover, the Court finds that the request to seal this document is no broader than necessary.

### c. Defendants' Abeyance Motion

The last motion the Court will address relates to Defendants' request that the Court hold Plaintiffs' motion for class certification in abeyance pending resolution of Defendants' summary judgment motion. Plaintiffs oppose this motion primarily on efficiency grounds.

While the district court must determine whether to certify a class action at "an early practicable time," *see* Fed. R. Civ. P. 23(c), the Sixth Circuit has "consistently held that a district court is not required to rule on a motion for class certification before ruling on the

merits of the case." *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1988); *Jibson v. Michigan Educ. Ass'n-NEA*, 30 F.3d 723, 734 (6th Cir. 1994)). Although "the relative merits of the underlying dispute are to have no impact upon the determination of the propriety of the class action," the Court finds that the most efficient course is to address summary judgment and hold Plaintiffs' motion for class certification in abeyance. *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984). The Court's decision today in no way forecasts how it perceives the merits of this case. The Court specifically declines to go so far as Defendants have in briefing by saying that this decision is proper based on Plaintiffs' "vulnerability" to summary judgment. It remains to be seen; however, Plaintiffs may very well prevail against Defendants' motion for summary judgment when all briefing concludes and the Court has had an opportunity to fully consider the parties' arguments and the law.

Given the Court's rulings on the pending motions and the current procedural posture of the case, additional discovery predicated on Rule 56(d) is unnecessary. With the additional discovery recently supplied by Defendants, Plaintiffs should now be well positioned to respond to summary judgment. The Court therefore anticipates that summary judgment will be fully briefed in a matter of weeks. Focusing on summary judgment at this juncture "seems likely to protect both the parties and the court from needless and costly further litigation." *Thompson v. County of Medina*, 29 F.3d 238, 241 (6th Cir. 1994) (quoting *Wright v. Shock*, 742 F.2d 541, 544 (9th Cir. 1984)). Based upon this determination, class certification will be held in abeyance pending resolution of summary judgment.

### III. CONCLUSION

For the reasons expressed, Plaintiffs' Opposition Motion (Doc. 136), Plaintiffs' Seal Motion (Doc. 142), Plaintiffs' Supplemental Motion (Doc. 146) and Defendants' Abeyance Motion (Doc. 89) are hereby **GRANTED**, and Plaintiffs' Rule 56(d) Motion (Doc. 98) is **DENIED AS MOOT**. Plaintiffs shall file their unredacted response to Defendants' motion for summary judgment, supplemental memorandum, and accompanying exhibits under seal within twenty-one days after entry of this Order. *See* S.D. Ohio Civ. R. 7.2(a)(2). At that time, Plaintiffs are **ORDERED** to file a redacted response, supplemental memorandum, and accompanying exhibits such that the public can view the non-confidential portions in their entirety. *See Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (finding that a motion to seal was "narrowly tailored" because the party sought "not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket."). Defendants may file a reply within fourteen days after the date of service of Plaintiffs' response and supplemental memorandum.

**IT IS SO ORDERED.**

March 7, 2024

Jeffery P. Hopkins
United States District Judge